IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| VS. | : | 7:23-CR-39-001 (WLS) |
| | : | |
| **MARYSOL MUNIZ,** | : | |
| Defendant. | : | |

**O R D E R**

The above-named Defendant appeared this day before the Court regarding her Motion to Change Conditions of Pretrial Release. (Doc. 45). Defendant was previously ordered released subject to conditions of release and a bond by the United States District Court for the Middle District of Florida. (Docs. 11-3, 11-4). Defendant then appeared before this Court for an Initial Appearance and Arraignment, and this Court modified Defendant's conditions of release. (Doc. 28). In her motion, Defendant requests this Court terminate the condition of home confinement and instead require curfew and electronic monitoring. (Doc. 45, at 1). The Government opposed Defendant's motion. (Doc. 46). This Court held a hearing that included testimony from the Defendant and argument from counsel for the Defendant and the Government.

The Government initially contends that Defendant cannot move for modification of conditions under 18 U.S.C. § 3142(c)(3) without first meeting the requirements to re-open her detention hearing under 18 U.S.C. § 3142(f), citing several authorities from other jurisdictions. (Doc. 46, at 2). The Court relies on contrary persuasive authority which indicates a judge's power to modify conditions of release under § 3142(c)(3) is independent of the re-opening of a detention hearing under § 3142(f). *United States v. Larker*, 2022 WL 1570543, at *6 (E.D. Cal. May 18, 2022) ("Courts across the country have used the authority of subsection (c)(3) to alter conditions, either sua sponte or by motion."). Further, even if the Government was correct in its reading of the statute, the Government waived this objection by failing to raise it when this Court previously modified Defendant's bond conditions. (Doc. 28). For these reasons, the Court finds that it may modify Defendant's conditions without re-opening her detention hearing.

After hearing testimony and argument, the Court determines that the condition of home confinement shall continue to apply to the Defendant. However, the Court makes one clarification, and one modification to Defendant's conditions. In clarification, the Court notes that Defendant may pursue any employment if such employment is bona fide and legitimate. Specifically,

Defendant may resume prior employment with Door Dash and Instacart. In modification, the Court will allow Defendant to take her daughter to and from school activities, and other of her daughter's activities that are approved in advance by Defendant's Supervising Pretrial Services Officer.

Accordingly, IT IS ORDERED AND DIRECTED that Defendant is RELEASED pending trial in this matter. Defendant's conditions of release and bond by the United States District Court for the Middle District of Florida remain in full force and effect. (Docs. 11-3, 11-4). Similarly, this Court's prior modifications to Defendant's conditions of release also remain in full force and effect. (Doc. 28). The Court adds the following modifications:

> (1) Defendant may take her daughter to and from her daughter's school activities; and
> (2) Defendant may take her daughter to and from other of her daughter's pre-arranged and organized activities, but only if approved in advance by Defendant's Supervising Pretrial Services Officer.

**SO ORDERED and DIRECTED**, this 24th day of August, 2023.

s/ *THOMAS Q. LANGSTAFF*
UNITED STATES MAGISTRATE JUDGE